GILBERT GUY v. THE STATE.

EVIDENCE — CONFESSIONS. — When it was shown that a defendant's confession, made before an examining court, and after he had been duly cautioned that it might be used against him, was reduced to writing, but that the writing was not so authenticated as to render it competent evidence, it was not error to allow the State, after laying the proper predicate, to adduce parol proof of the statements made by the defendant in his confession before the examining court.

APPEAL from the District Court of Robertson. Tried below before the Hon. A. S. BROADDUS.

The opinion sufficiently states the case. A term of five years in the penitentiary was the punishment assessed against the appellant.

*W. H. Hamman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The defendant being on trial in the court below, charged with the theft of a mare and colt, the State offered to read in evidence the written statement made by the defendant, in the nature of a confession made before one J. T. Young, a justice of the peace, sitting as an examining court, on an investigation of the charge preferred against him ; and preparatory thereto Young was introduced and testified to his official capacity in May, 1879, and said that the defendant, Gilbert Guy, was arrested on the charge of theft of a mare and colt from Austin Fleming, and was brought before him for trial. Defendant stated to the witness that he wanted to make a confession. Witness told him he need not confess anything unless he so desired ; that he could not be compelled to make any statement, and if he did so it would be used in evidence against him on the trial of the case. The witness stated that he felt it his duty to warn him as the law required ; that after he had so warned

him, the defendant made a voluntary statement of the matter before him in his court, which the witness reduced to writing, and the defendant signed it, and witness certified thereto. The statement was then introduced in evidence, over the defendant's objection, and the defendant excepted.

The defendant's bill of exceptions shows, in substance (and the statements therein contained are in the main borne out by the statement of facts), that the district attorney offered in evidence a written statement made by the defendant when on trial before J. T. Young, a justice of the peace, sitting as an examining court, and the statement is set out in the bill of exceptions. The counsel for defendant objected, because the evidence was not competent. The court overruled the objection and admitted the evidence. The bill of exceptions further recites that the district attorney offered to prove, by the parol testimony of the justice of the peace who had taken the written statement set out in the bill of exceptions, the same facts stated therein before the witness, and after witness had cautioned the defendant that any statement so made by him would be used against him as evidence. To this the defendant's counsel objected; the court overruled the objection, and the witness testified to the same facts contained in the written statement.

The copy of the defendant's confession before the examining court, as set out in the transcript, whilst in writing, and apparently signed by the accused, does not purport to have been certified by the magistrate before whom it was taken; and this may have been the ground urged by counsel against its admission in evidence. If it was intended to be offered as a part of the proceedings had before the examining court, it should have been made to appear that the proceedings had been certified. The whole proceedings before the examining court do not appear to have been offered on the trial.

The Supreme Court of Louisiana, in deciding the case of *The State* v. *Simien,* 30 La. An. 296 (decided in 1878),

considered a question similar to the one here presented, and reviewed at some length the authorities, and among them *The State* v. *Rodriguez*, 2 Mart. (La.) 254, and *The State* v. *Parish*, Busb. 239. The court proceeds to distinguish between these cases, and to show the rise and progress of the practice of permitting one accused of crime to make a statement before an examining court, and held that " when declarations of a prisoner to a committing magistrate have been made, and have been reduced to writing by the magistrate, and the written examination is offered by the State, and upon objection by the prisoner of its informality, it is held inadmissible by reason of irregularity, parol evidence is admissible to prove what he voluntarily disclosed." 1 Greenl. on Ev., sect. 227.

We are of opinion that Simien's case furnishes a correct rule for the determination of the present case. Either the written statement or the oral testimony, one or the other, would have been admissible, according to the circumstances. The statement made before the examining court was admissible as evidence for the State on the trial, and this statement was proved on the trial, both by the writing and by the parol evidence of the magistrate. If the written evidence was properly authenticated, it should have been admitted, and not the oral testimony; but, its authentication being defective, parol testimony was admissible. As the testimony went to the jury, both were admitted over objection by the defendant's counsel; but it should be noticed that in both the written statement and the parol evidence it is shown that the statements or confessions of the defendant were made after the prisoner had been duly warned and cautioned that any statement he might make would be used as evidence on his trial. The testimony was a reproduction of a confession made by the defendant before an examining magistrate. The State was entitled to this confession; and it being shown that the confession had been made, and the confession being competent evidence, no in-

jury can result to the defendant as to the manner of proving it — one or the other mode being in conformity with law, and the two being identical.

We find no substantial error in the ruling of the court, and the testimony being sufficient, as well as the indictment, the judgment must be affirmed.

*Affirmed.*